PER CURIAM.
Injured in a fall at work on March 21, 1989, Gloria McTier alleged that her subsequent hypertension and renal insufficiency were the result of non-steroidal anti-inflammatory drugs she took on doctors’ orders, because of injuries she sustained in the fall. Eventually she and her employer entered into a stipulation in order to effect a “washout” settlement, pursuant to section 440.20(12)(a) and (c), Florida Statutes (1987). We reverse the order on appeal in which a successor judge of compensation claims found that the section 440.20(12) order adopting the parties’ stipulation did not authorize treatment for Ms. McTier’s hypertension and renal insufficiency.
As we read the Stipulation and Joint Petition For Partial Final Settlement, the employer, Bayfront Medical Center, and the servicing agent, Commercial Risk Management, accepted Ms. McTier’s hypertension and renal insufficiency as compensable. They explicitly authorized medical treatment for these conditions and agreed to provide her with the names of three physicians from which she could choose in order to obtain treatment for her hypertension and renal insufficiency conditions. Why this authorization for future medical benefits was included in the washout stipulation is unclear.
Ruling the stipulation (and so the order incorporating it) ambiguous, the judge of compensation claims allowed extrinsic evidence as to the stipulation’s import. The only extrinsic evidence supporting the employer’s and servicing agent’s interpretation of the Stipulation and Joint Petition was testimony from the attorney who drafted the document for them. All the other extrinsic evidence tended to show that the employer and servicing agent had accepted as compen-sable Ms. McTier’s hypertension and renal insufficiency.
The judge of compensation claims who had presided at the washout hearing, and who signed the Order For Release From Liability For Future Payments Of Compensation, Rehabilitation Expenses, Or Death Benefits But Excluding Medical Expenses, testified at the final hearing that she approved the settlement document only because she interpreted it to say that the employer and servicing agent accepted responsibility for future medical care, including medically reasonable treatment for hypertension and renal insufficiency.
Ms. McTier also testified at the hearing below to the effect that she had understood that, under the settlement, her medical benefits would continue “[m]y renal ... for me going on, on the machine and for my — controlling my hypertension.” At the washout hearing, the following colloquy had occurred between Ms. McTier and her attorney:
Q. ... Do you also understand, however, that you’re not giving up your right to receive future medical benefits for treatment of any of the conditions that you *1165 suffered in this accident on March 21, 1989?
A. I understand.
Q. And that includes any treatment you may need for your back, for your kidney problems, or for your high blood pressure?
A. I understand.
The overwhelming weight of the evidence leads us to reject the construction of the washout settlement agreement (and the order incorporating it) adopted by the successor judge of compensation claims. Substantial competent evidence does not support the determination that the employer and servicing agent did not agree to provide future medical benefits in the form of treatment for Ms. McTier’s renal insufficiency and hypertension, when they executed the Stipulation and Joint Petition. They clearly did agree to provide such benefits, and their stipulation was duly adopted by order.
The employer and servicing agent were not at liberty thereafter to make a unilateral decision to withhold medical benefits they had not only authorized but had also been ordered to provide. The judge of compensation claims explicitly approved the parties’ stipulation and ordered “that the parties do comply with the provisions thereof.” In this way, the judge of compensation claims ordered Bayfront Medical Center and Commercial Risk Management to provide medical treatment for Ms. MeTier’s hypertension and renal insufficiency.
The washout order is not subject to modification under section 440.28, Florida Statutes, insofar as it discharges the employer and carrier from liability for future payments of compensation, death benefits and rehabilitation expenses, § 440.20(12), Fla. Stat. (1987), but future medical benefits are a different matter. If Dr. Goldstein’s August 24, 1993, report (or anything else) persuaded the employer or its carrier that Ms. McTier was not entitled to “any further treatment for the employee’s hypertension or renal insufficiency,” it was incumbent on them to file a petition, under section 440.28, Florida Statutes, to modify the medical benefits portion of the agreed order. No such petition has so far been filed.
Reversed.
KAHN, DAVIS and BENTON, JJ., concur.